**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **SUPERNUS PHARMACEUTICALS, INC.,**<br><br>        **Plaintiff,**<br><br>   v.<br><br>**TWI PHARMACEUTICALS, INC., et al.,**<br><br>        **Defendants.** | **Civil No. 15-0369 (RMB/JS)** |

**O R D E R**

This matter is before the Court on the renewed "Joint Motion to Seal" [Doc. No. 215] filed by defendants. Plaintiff does not oppose the motion. The Court is in receipt of the Declaration of Yuling Lin ("Lin Decl.") [Doc. No. 246] in further support of defendants' motion. Defendants seek to seal certain portions of the June 14, 2016 Telephone Discovery Conference Transcript ("Transcript") [Doc. No. 150] and plaintiff's July 15, 2016 letter to the Court with exhibit A attached thereto [Doc. No. 132]. The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, defendants' motion is GRANTED.

As noted, the instant motion represents the parties' second attempt to seal the subject materials. Defendants initially filed

1

a motion to seal certain portions of the transcript because a specific ingredient of defendants' Abbreviated New Drug Application ("ANDA") product was referenced during the conference. First Mot. ¶ 5 [Doc. No. 128-1]. Plaintiff initially filed a motion to seal certain portions of its July 15, 2016 letter because defendants designated certain information referenced in the letter as "Highly Confidential" pursuant to the Discovery Confidentiality Order ("DCO") [Doc. No. 40]. Second Mot. at 2 [Doc. No. 131-1]. On February 24, 2017, the Court denied both motions without prejudice, finding that defendants failed to "show good cause to seal because the motion[s] [are] not supported by the requisite affidavit[s] executed by a person with personal knowledge of the referenced facts."[1] Accordingly, the Court found it was without sufficient information to determine whether the motions satisfied the standards to seal pursuant to L. Civ. R. 5.3(c) and Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). Feb. 24, 2017 Order at 1-2 [Doc. No. 205]; Feb. 24, 2017 Order at 2 [Doc. No. 206].[2] Defendants timely filed their renewed motion to seal.

---

[1] "Any motion papers shall include as part of an affidavit, declaration, certification or other documents of the type referenced in 28 U.S.C. § 1746, which shall be based on personal knowledge as required by Local Civil Rule 7.2(a)." L. Civ. R. 5.3(c)(3).

[2] The Court's February 24, 2017 Orders [Doc. Nos. 205, 206] are incorporated herein.

It is well-established there exists "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). Whether or not the presumption of public access applies a party seeking to seal information associated with a judicial proceeding must demonstrate "good cause." Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006); Allied Corp. v. Jim Walter Corp., C.A. No. 86-3086, 1996 WL 346980, at *4 (E.D. Pa. June 17, 1996) ("Although there is no public right of access to discovery motions or the raw fruits of discovery, federal judges are not free to indiscriminately permit parties to pursue some or all of their discovery under the cloak of court-ordered secrecy."); Lite, New Jersey Federal Practice Rules Comment 3 to L. Civ. R. 5.3 (Gann). Good cause requires "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Securimetrics, 2006 WL 827889, at *2 (quoting Pansy, 23 F.3d at 786).

In this District motions to seal are governed by Local Civil Rule 5.3(c) which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive

alternative to the relief sought is not available. In particular, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" cannot satisfy the required showing of "clearly defined and serious injury." Pansy, 23 F.3d at 786 (citation omitted). Furthermore, "it is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." In re: Benicar (Olmesarten) Prods. Liab. Litig., C.A. No. 15-2606 (RBK/JS), 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

The Court now turns to defendants' renewed motion. As a preliminary matter, the Court notes that defendants filed two affidavits in support of the instant motion. See Yuling Decl.; see also Declaration of John A. Sholar, Esquire ("Sholar Decl.") [Doc. No. 215-1]. The Court finds that the two Declarations—executed pursuant to L. Civ. R. 5.3(c)(3)—provide sufficient information to determine whether defendants satisfied the standard to seal in this District. The Court has reviewed the subject materials and the Declarations filed in support of defendants' motion, and the Court concludes that defendants have met their burden under L. Civ. R. 5.3 and the applicable case law.

First, defendants have sufficiently described the nature of the materials at issue. As to the transcript, defendants seek to redact only a portion of one line of the transcript which

4

references a specific ingredient in defendants' ANDA product. Sholar Decl. ¶ 9; Index at 1 [Doc. No. 215-2]. As to plaintiff's July 15, 2016 letter and the attached exhibit A, defendants seek to seal certain portions which reference defendants' "ANDA product and commercially sensitive communications with the FDA concerning [defendants'] ANDA product."[3] Sholar Decl. ¶ 10; Index at 1-3. Further, the Court finds that defendants possess a legitimate private interest in keeping the subject materials confidential. Defendants argue if the subject materials are not sealed, it would give defendants' competitors "in this highly competitive pharmaceutical marketplace an insight into [defendants'] business operations and its highly confidential and proprietary research and development, which would give them an unfair advantage." Sholar Decl. ¶ 15. After reviewing the subject materials, the Court agrees there exists a private interest in keeping these materials sealed. The Court further finds that if the subject materials are made public, defendants could be harmed by way of competitive disadvantage in the pharmaceutical marketplace. Likewise, the Court finds there is no less restrictive alternative than to redact certain portions of the subject materials as requested.[4] This is

---

[3] Exhibit A is a confidential e-mail from defendants to FDA regarding defendants' ANDA and product formulation. Defendants seek to seal the e-mail in its entirety. Sholar Decl. ¶ 10.

[4] A redacted copy of plaintiff's July 15, 2016 letter and exhibit A has been filed. [Doc. No. 133]. A redacted copy of the

5

so because defendants only seek to protect materials that reference their ANDA product and confidential communications with the FDA.

Accordingly for the foregoing reasons,

IT IS HEREBY ORDERED this 24th day of August 2017, that defendants' "Joint Motion to Seal" [Doc. No. 215] is GRANTED; and it is further

ORDERED that defendants shall submit to the court reporter a Statement of Redaction and Sealing pursuant to L. Civ. R. 5.3(g)(2) regarding the transcript [Doc. No. 150] by August 31, 2017; and it is further

ORDERED that upon submission of defendants' Statement of Redaction and Sealing, a redacted version of the transcript [Doc. No. 150] shall be submitted to the Clerk of the Court for filing on the public docket; and it is further

ORDERED that the Clerk of the Court is directed to maintain under seal the complete unredacted transcript of the June 14, 2016 Telephone Discovery Conference [Doc. No. 150] and plaintiff's July 15, 2016 letter with the attached exhibit A [Doc. No. 132].

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

transcript shall be separately filed of record pursuant to L. Civ. R. 5.3(g)(2).