FOX ROTHSCHILD LLP
Karen A. Confoy, Esq.
Allison L. Hollows, Esq.
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469

*Of Counsel:*
**HUSCH BLACKWELL LLP**
Marc R. Wezowski, Esq. (*pro hac vice*)
Don J. Mizerk, Esq. (*pro hac vice*)
John A. Sholar, Esq. (*pro hac vice*)
Dustin L. Taylor, Esq. (*pro hac vice*)
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Telephone: (312) 655-1500
Facsimile: (312) 655-1501

*Attorneys for Defendants*
*TWi Pharmaceuticals, Inc. and TWi*
*International LLC*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUPERNUS PHARMACEUTICALS, INC., <br><br> Plaintiff, <br> v. <br><br> TWi PHARMACEUTICALS, INC. and TWi INTERNATIONAL LLC (d/b/a TWi PHARMACEUTICALS USA), <br><br> Defendants. | Civil Action No. 1:15-cv-00369-RMB-JS <br><br> **ORDER SEALING CERTAIN MATERIALS** <br><br> *Filed Electronically* |

THIS MATTER having been opened to the Court by the parties, Plaintiff, Supernus Pharmaceuticals, Inc. ("Supernus"), through counsel, Saul Ewing LLP and Haug Partners LLP, and Defendants, TWi Pharmaceuticals, Inc. and TWi International LLC d/b/a TWi Pharmaceuticals USA ("TWi"), through counsel, Fox Rothschild LLP and Husch Blackwell LLP, seeking an order sealing materials pursuant to Local Civil Rule 5.3; and the Court having

considered the papers submitted in support of the Motion, hereby makes the following Findings of Fact and Conclusions of Law:

## **FINDINGS OF FACT**

1. On August 14, 2017, the parties filed this Joint Motion to Seal Certain Materials (the "Motion"), pursuant to Local Civil Rule 5.3, seeking to seal portions of the Letter from William C. Baton to the Honorable Renée Marie Bumb, U.S.D.J., dated July 31, 2017, along with Exhibit 1 [ECF No. 324], and the Transcript of Teleconference, dated April 11, 2017 [ECF No. 326] (collectively, the "Materials").

2. TWi set forth the portions of the Materials that it seeks to seal, the basis for sealing those portions and the injury that will result if the Materials are not sealed in the Index filed with the Declaration of Yuling Lin ("Lin Decl.").

3. Portions of the Materials concern TWi's ANDA, ANDA product, and ingredients. This information is, and has been treated by the parties as, confidential. None of this information is currently publicly available. See Lin Decl., ¶¶ 7, 13.[1]

4. On May 15, 2015, a Discovery Confidentiality Order ("DCO") [ECF No. 40] was entered by this Court to protect confidential information that may be disclosed in the course of discovery or otherwise in this action to preserve the legitimate business interests of the parties.

---

[1] The confidential information contained in letter and transcript which TWi seeks to seal is confidential information discussed in trial testimony and contained in trial exhibits. Not only has this information been sealed in this case under prior Court Orders, as indicated in this index, but this Court also entered Orders in the related Actavis case sealing similar information in the parties' post-trial briefings and trial transcripts in that case. *See Supernus Pharms., Inc. v. Actavis, Inc.*, Civ. A. No. 13-cv-4740-RMB-JS, ECF Nos. 422-426. Supernus' statement that members of the public were present at various times throughout trial is unsupported.

5. The DCO allows the parties to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and requires the submission of such confidential materials be filed with the Court under seal pursuant to Local Civil Rule 5.3. (*Id.* at ¶¶ 1-2, & 13).

6. The portions of the Materials submitted to be sealed contain information that has been designated and treated by the parties as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" pursuant to the DCO, and the information contained satisfies the standard set forth in Local Civil Rule 5.3.

7. The portions of the Materials submitted to be sealed disclose, cite, discuss, rely upon, and comprise confidential information that TWi has a legitimate interest in protecting from competitors in the marketplace that could utilize such information to gain an unfair competitive advantage to TWi's detriment. *See* Lin Decl., ¶¶ 9-10.

8. A clearly defined and serious injury will result to TWi if it is not permitted to file the Materials under seal. Specifically, the Materials contains information about TWi's confidential ANDA product formulation development, ingredients, and other private confidential business information that would be compromised and expose TWi to substantial financial risk and serious injury should they become publicly available.

9. There is no less restrictive alternative to the filing of the Materials under seal. Only the confidential and highly confidential information included in the Materials will be restricted from public access, which is a necessary compromise in a litigation involving private litigants.

## CONCLUSIONS OF LAW

10. Although there is a presumptive right of public access to judicial proceedings and records, district courts have recognized that such right is not absolute; and further, that the presumption may be rebutted. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

11. To overcome the presumption of openness, and to justify the entry of an order sealing judicial records, the moving party must demonstrate (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking disclosure. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

12. Once the movant establishes the foregoing two elements, a district court will engage in a balancing process, pursuant to which, the court will weigh the common law presumption of access against those factors that militate against access. *In re Cendant Corp.*, 260 F.3d at 194; *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.3d 653, 662 (3d Cir. 1991) (a presumption of access alone does not end the court's inquiry as the right to access judicial records is not absolute; indeed, a "presumption is just that" and may therefore be rebutted).

13. The Court concludes that the articulated bases for sealing the Materials weigh against any presumptive right of public access, and the Materials must therefore be sealed as a matter of law.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law:

**IT IS** on this ___28th___ day of _____August_____, 2017,

**ORDERED** that the parties Joint Motion to Seal Certain Materials be and the same is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to permanently seal portions of the Letter from William C. Baton to the Honorable Renée Marie Bumb, U.S.D.J., dated July 31, 2017, along with Exhibit 1 [ECF No. 324], and the Transcript of Teleconference, dated April 11, 2017 [ECF No. 326].

                                                            Hon. Renée Marie Bumb, U.S.D.J.